OF

## THE STATE OF NEW JERSEY.

OCTOBER TERM, 1890.

ALEXANDER T. McGILL, ORDINARY.

ABRAHAM V. VAN FLEET, VICE-ORDINARY.

DAVID FLEMING, appellant,

*v.*

ELIZA CARR et al., respondents.

1. A testator bequeathed to his brother "a bond and mortgage of six thousand five hundred dollars, which I now hold against him."—*Held*, that the brother was entitled to the arrears of interest upon the bond and mortgage at the time of the testator's death.

2. A testator devised to his niece, M., one-third of his estate, real and personal, and by a later clause in his will devised a certain wood-lot, parcel of his real estate, to his brother, and then declared that, in the settlement of his

549

estate, the wood-lot should be reckoned at the value of $800.—*Held*, that the niece did not take any right or interest in the wood-lot, but, instead thereof, took one-third of the value assigned to the lot, by the will, in cash, from the testator's estate.

Appeal from an order of distribution made by the Warren county orphans court.

*Mr. William H. Morrow*, for the appellant.

*Mr. L. DeWitt Taylor*, for the respondents.

THE ORDINARY.

The purpose of the order appealed from is to direct the distribution of the estate of Nelson Fleming, deceased, in accordance with the provisions of his last will, of which the appellant, his brother, is the executor.

After ordering that the testator's debts and funeral expenses shall be paid, the will proceeds in the following language:

"I give and bequeath to my niece, Margaret Ann Fleming, for many years my faithful housekeeper, the one-third part of all my property, both personal and real estate.

"I give and bequeath to my brother, David Fleming, a bond and mortgage of six thousand five hundred dollars, which I now hold against him, also my wood-lot of about sixteen acres, which adjoins the old farm."

Then, after bequeathing several pecuniary legacies, it further proceeds:

"I order and direct my executor to sell the house and lot where I reside, the proceeds to be accounted for as part of my estate.

"It is my will that the wood-lot given to my brother David shall be reckoned, in the settlement of my estate, at the sum of eight hundred dollars."

The testator held a single mortgage against his brother David, which was for $5,600, instead of $6,500. The numbers of the thousands and hundreds were probably confused and reversed by the scrivener of the will. And at his death the interest had accrued upon the mortgage to the amount of $217.46.

Fleming v. Carr.

By the order in question, the orphans court determined, among other things, that while David took the mortgage of $5,600, he did not take the interest which had accrued upon it at the testator's death, and that he must pay to the testator's niece, Margaret A. Fleming, $266.66, one-third of the $800, the value which the will placed upon the wood-lot devised to him.

The correctness of the ruling, that David was not entitled to the accrued interest, and that he shall pay $266.66 to the niece, is now questioned.

In support of the position of the orphans court, that David is not entitled to the accrued interest, reliance is placed upon the statement in *2 Williams on Executors 298*, that " the bequest of a debt due on a particular security will pass the capital only, and not arrears of interest due at the testator's death," and upon the side of the appellant it is urged that the bequest in Nelson Fleming's will was not merely a bequest of a debt due upon a security, but a bequest of the security itself, which carries with it all that is in or may grow out of the security—not only the principal debt, but the interest which it reserves.

The rule stated in *Williams on Executors* is put, in *1 Roper on Legacies 288*, with its reason, in this wise:

" The bequest of a debt or sum due upon a particular security will only pass the capital, and not arrears of interest owing at the testator's death, for the description merely embraces the principal money."

In other words, it is considered that, where the principal debt due upon a certain security is bequeathed, the testator will be decreed to have given only that which he has expressly named, the principal fund, and not that which may have grown out of it by force of the terms of the security.

Where, however, the security itself is given, there appears to be reason why a different rule should prevail, for there, by the very description of the gift, the underlying intent is apparent, that the whole value of the security is given, not merely the principal sum secured by it, but also the interest moneys accrued and accruing as appendant to it.

This distinction is quite plainly taken in the adjudications upon this subject.

In *Roberts* v. *Kuffin, 2 Atk. 112,* a testator gave to his son "two hundred pounds secured by a mortgage on the estate of Mr. Marriot, and all the messuages, lands and tenements for securing the same," and Lord Hardwicke held that the principal sum of two hundred pounds only passed, without the interest upon it, and in *Hawley* v. *Cutts, Freem. Ch. 23,* there was a similar holding, where the bequest was, "I give to A three hundred pounds money which he oweth me upon bond." But in this case it was said by the court, that if the bequest had been "I give or forgive to A the debt of three hundred pounds which he oweth me," it would have carried the interest as appendant to the debt.

. In *Harcourt* v. *Morgan, 2 Keen 274,* the bequest was:

"I give and bequeath to my good friends William Hall and his sister, Martha Hall, in equal shares, the amount of the bond I hold from Sir James Hoare, Bart., for one thousand pounds (the bond is now in the hands of Messrs. Jones, Lloyd & Co,, Lothbury)."

and, proceeding upon the ground that the whole security was given, Lord Langdale held that the legatees were entitled to the arrears of interest. This case was approved and followed by Vice-Chancellor Wigram in *Kent* v. *Topley, 11 Jur. 940,* where there was a gift of designated bonds. In *Gibbon* v. *Gibbon, 13 C. B. 205,* the testator gave to A "All my interest and claim on household property in W., on which I have a mortgage of fifteen hundred pounds," and it was held that this entitled A to the arrears of interest due upon the mortgage at the time of the testator's death.

It is observed that the things given in the will of Nelson Fleming are the bond and mortgage themselves, and not merely the debts secured by them. The mention of the amount of the mortgage is part of the description of the things given. There is nothing in the will to indicate that the testator limited his gift to the principal sum secured by the bond and mortgage. The interest was secured by those instruments as well as the principal.

Fleming *v.* Carr.

It, in fact, arose by the terms of the instruments. I cannot see why it is not, equally with the principal, included in the terms of the bequest.

Passing to the next question, it is not perceived by what reasoning the orphans court was led to direct the appellant to pay Margaret A. Fleming $266.66, or one-third of the value placed by the testator upon the wood-lot which he devised to the appellant. Without regard to the question which here suggests itself, as to the authority of the orphans court to make the charge objected to, it appears to me plain that the testator intended to give his brother the wood-lot free from any right in the niece. His devise of that lot follows his devise to the niece, and is, in terms, inconsistent with it, and it is evident that the testator recognized this inconsistency and meant to reconcile the two devises by his later direction that the wood-lot should be reckoned, when the estate should be settled, at the sum of $800. He evidently intended that when his property should be divided, and his niece should come into possession of her one-third of it, that the wood-lot should be esteemed as $800 in money, so that the brother might retain the lot and the niece might have one-third of its value, not from the brother to whom the lot in its full value was given, but from his estate, from which his bounty to the brother and the niece alike came.

It is impossible to conceive any other design in the direction last referred to, and unless the purpose stated be ascribed to it, it performs no function, but remains meaningless surplusage in the will.

My conclusions lead to the reversal of the order appealed from.